The Honorable Jim Hendren State Representative Route 1, Box 260 Sulphur Springs, AR 72768
Dear Representative Hendren:
This is in response to your request for an opinion on the following question with respect to a city of the second class:
 Can a city council exclude the mayor from meetings held in executive session? If so, under what circumstances?
It is my opinion that the answer to this question is "no." The mayor cannot be excluded from executive sessions.[1] The mayor "shall be ex-officio president of the city council, shall preside at its meetings,
and shall have a vote when the mayor's vote is needed to pass any ordinance, bylaw, resolution, order, or motion." A.C.A. § 14-44-107(a) (1987) (emphasis added). This office has previously opined, moreover, that the mayor is most likely included in the "governing body" for purposes of the Arkansas Freedom of Information Act ("FOIA"). Op. Att'y Gen. 95-227, citing A.C.A. §§ 14-44-107, supra, and 14-42-102 (city's corporate authority is vested in the mayor and city council).
Thus, when the "governing body" goes into "executive [i.e., closed] session" under the FOIA (A.C.A. § 25-19-106(c)), it seems clear that the law contemplates the mayor's presence.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh
[1] I assume that by "executive session" you mean sessions held in accordance with the Arkansas Freedom of Information Act ("FOIA") for the purpose of a personnel matter. A.C.A. § 25-19-106(c) (Repl. 1992).